# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fontell Demann Fuller, | Civ. No. 19-886 (PJS/BRT) |
| Plaintiff, | |
| v. | |
| Stanley Hafoka, Devin Sullivan, Rob Erickson, Ahmed Dualeh, Janet Snyder, Taylor Kuseske, Steven Routhe, under the Color of State Law, Individual Capacity & Official Capacity, | **ORDER** |
| Defendants. | |

      The Court is in receipt of Plaintiff's motion requesting a jury trial (Doc. No. 23) and Defendants' response. (Doc. No. 27.) The motion is unnecessary as Plaintiff has already demanded a jury trial and Defendant does not dispute that a proper demand was made. Therefore, Plaintiff's motion (Doc. No. 23) is denied as moot, and the record reflects that Plaintiff has already made a proper demand for a jury trial.

      The Court is also in receipt of Plaintiff's motion seeking a copy of video footage or surveillance of unit 500D from April 14, 2017 (Doc. No. 22) and Defendants' response. (Doc. No. 27.) At the time of the filing of Plaintiff's motion and Defendants' response, Plaintiff had not yet made a Rule 34 Request for this video. On August 1, 2019, the Court held a pretrial conference in this matter and issued a Pretrial Scheduling Order governing discovery and deadlines in this case. (Doc. Nos. 29, 30.) On August 2, 2019, Plaintiff filed a "Motion of Discovery" again requesting a copy of video footage or

surveillance of unit 500D from April 14, 2017. (Doc. No. 33.) Plaintiff's motions for discovery are premature and therefore are denied. This does not mean that the Court has ruled that the video is not subject to discovery, but that the Federal Rules of Civil Procedure require a Rule 34 Request (not a motion) to be made first. The Rule allows time for the receiving party to respond to a Request before a motion to compel the discovery can be made. *See* Fed. R. Civ. P. 34; *see also* Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34."). A Rule 34 Request is to be served on the other party (but not filed with the Court unless is it being filed in conjunction with a later motion). Nevertheless, the Court hereby construes Plaintiff's motion at Doc. No. 33 as a Rule 34 Request, and Defendants should respond accordingly under the Rules.

On August 2, 2019, Plaintiff also filed a motion seeking expedited discovery. (Doc. No. 32.) The Court finds no justifiable reason to set the deadlines sooner than those set in the Pretrial Scheduling Order. Therefore, Plaintiff's motion is denied.

**ORDER**

Therefore, for the reasons previously stated, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion requesting a jury trial (Doc. No. 23) is **DENIED AS MOOT**;

2. Plaintiff's motions seeking a copy of video footage or surveillance of unit

500D from April 14, 2017 (Doc. Nos. 22, 33) are **DENIED WITHOUT PREJUDICE**. Plaintiff's motion at Doc. No. 33 is construed as a Rule 34 Request and Defendants should respond in accordance with the Rules; and

    3.    Plaintiff's motion seeking expedited discovery (Doc. No. 32) is **DENIED**.

Date: August 9, 2019

        *s/ Becky R. Thorson*
        BECKY R. THORSON
        United States Magistrate Judge