UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fontell Demann Fuller,

        Plaintiff,

v.

Stanley Hafoka, et al.,

        Defendants.

Civ. No. 19-886 (PJS/BRT)

**ORDER**

---

Fontell Demann Fuller, *pro se* Plaintiff.

Kimberly R. Parker, Esq., and Robert B. Roche, Esq., Ramsey County Attorney's Office, counsel for Defendants.

---

This matter is before the Court on Plaintiff Fontell Demann Fuller's Motion to Amend Pleading. (*See* Doc. No. 66, Mot. to Am.) Defendants oppose the motion, arguing that it is untimely, fails to comply with procedural rules, and prejudices Defendants. (Doc. No. 78, Mem. in Opp'n 3–6.) Further, Defendants argue that Plaintiff's motion should be denied as futile. For the reasons set forth below, Plaintiff's Motion to Amend Pleading is granted in part.

## DISCUSSION

Plaintiff filed his original Complaint on March 29, 2019, and an Amended Complaint on April 19, 2019. (Doc. Nos. 1, 7.) Plaintiff's Amended Complaint alleges eighteen counts relating to claims grounded in 42 U.S.C. § 1983 and Defendants' alleged violations of Plaintiff's rights under the Eighth and Fourteenth Amendments of the Constitution, with counts that refer to excessive force, inadequate medical care, inadequate training and

supervision, failure to intervene to protect Plaintiff from excessive force, conspiracy, medical negligence, and violation of Minnesota statute. (Doc. No. 7.) An Answer to Plaintiff's Amended Complaint was filed on July 1, 2019. (Doc. No. 21.) A Rule 16 Conference was held, and a Pretrial Scheduling Order was issued on August 1, 2019, setting the motion to amend deadline for December 2, 2019. (Doc. No. 30.)

Without obtaining Defendants' consent, or the Court's leave, Plaintiff filed the present Motion to Amend Pleading on May 26, 2020.[1] (Doc. No. 66.) Plaintiff did not file a proposed amended pleading and a version of the proposed pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed pleading differs from the operative pleading as required by Local Rule 15.1(b). The only description of Plaintiff's proposed amendments is found in the body of the Motion to Amend Pleading itself.[2]

Plaintiff mistakenly believes that his May 26, 2020 Motion to Amend Pleading was timely filed. (*See* Mot. to Am. 1, 6.) It was not timely filed. As explained above, the Court's August 1, 2019 Pretrial Scheduling Order set a deadline of December 2, 2019, for

---

[1] Plaintiff subsequently filed a second Motion to Amend Pleading at Doc. No. 71 that is duplicative of the motion at Doc. No. 66 in all respects except for the date and signature line.

[2] On July 30, 2020, Plaintiff filed a separate document titled "Motion of Discovery," wherein he requests, among other things, to amend the Amended Complaint. (Doc. No. 89, Mot. of Disc. 2.) Specifically, Plaintiff states that he mistakenly identified Defendant Janet Snyder as Defendant Taylor Kuseske, and asks that the Court replace Kuseske with Snyder "in the 1983 claim." (*Id.*) Janet Snyder, however, is already listed as a Defendant in Plaintiff's Amended Complaint, including the § 1983 claim asserted therein. Accordingly, the Court finds that Plaintiff's request to amend in this respect is moot.

amendments to the pleadings. (Doc. No. 30, Pretrial Sched. Ord. 4.) While it is true that after that date, other unexpired deadlines were extended, the December 2, 2019 motion to amend deadline remained in place.[3] Based on the December 2, 2019 deadline, Plaintiff's Motion to Amend Pleading was filed more than five months late.

Accordingly, since Plaintiff did not file his Motion to Amend Pleading until after the December 2, 2019 deadline expired, the lenient standard of Federal Rule of Civil Procedure 15(a), which allows leave to amend when justice so requires, does not apply here. *See* Fed. R. Civ. P. 15(a). Instead, Federal Rule of Civil Procedure 16(b)(4) governs, and leave to amend will only be granted if the movant shows good cause. *See* Fed. R. Civ. P. 16(b)(4); *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1004 (D. Minn. 2013) ("[W]hen a motion to amend is filed after the expiration of the applicable deadline in the Court's Scheduling Order, Rule 15(a)'s permissive test no longer applies, and instead the tougher 'good cause' standard applies under Rule 16(b)(4)."); *Equal Empl. Opp. Comm. v. Hibbing Taconite, Co.*, 266 F.R.D. 260, 265

---

[3]   Specifically, on October 3, 2019, the Court granted Plaintiff's motion to extend the initial disclosures deadline. (Doc. No. 44.) No other deadlines were extended, and on December 2, 2019, the deadline for amendments to the pleadings expired. (Pretrial Sched. Ord. 4.) In the Court's First Amended Scheduling Order, filed on March 30, 2020, the Court granted in part Defendants' request to extend all *unexpired deadlines* by sixty days. (*See* Doc. No. 57, First Am. Sched. Ord.) By this time the motion to amend deadline of December 2, 2019 had already expired. Thus, this expired deadline for amending pleadings was not resurrected by the First Amended Scheduling Order. Next, on May 26, 2020, Plaintiff filed a request to extend all "unexpired deadlines" by sixty days. (Doc. Nos. 65, 70.) On June 5, 2020, the Court granted Plaintiff's motion and issued a Second Amended Scheduling Order. (Doc. No. 77, Second Am. Sched. Ord.) Plaintiff did not request an extension of the date to amend the pleadings that had expired on December 2, 2019. The Court's June 5, 2020, order noted that Defendants had opposed extending the deadline to amend pleadings that had expired in December. (*Id.* at 1.) The Court amended certain other deadlines, but it did *not* extend the already expired deadline to amend the pleadings.

3

(D. Minn. 2009) (citing *Alholm v. Am. Steamship Co.*, 167 F.R.D. 75, 77 (D. Minn. 1996)).

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The focus of this "exacting" test is on the diligence with which the moving party attempted to comply with the scheduling order's deadlines, not on the prejudice to the non-moving party. *Scheidecker*, 193 F.R.D. at 632 n.1; *Metro Produce Distribs., Inc. v. City of Minneapolis*, 473 F. Supp. 2d 955, 964 (D. Minn. 2007). Ultimately, in applying Rule 16(b) to the circumstances presented here, the Court asks whether the moving party has demonstrated "that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 581–82 (D. Minn. 1999) (internal quotation marks omitted). Accordingly, the Court must determine whether Plaintiff has shown good cause to extend the December 2, 2019 set forth in the scheduling order.

Here, Plaintiff does not provide a reason for his delay in seeking to further amend his Amended Complaint, except to state that he wishes to include "claims discovered after the amended document was filed to the court." (Mot. to Am. 1.) The Court has carefully compared Plaintiff's Amended Complaint and his Motion to Amend Pleading, and the only factual allegations contained in the Motion to Amend Pleading that are not already set forth in his Amended Complaint are located at "counts" 22 and 23,

concerning an infection Plaintiff alleges he suffered in his leg as a result of his injuries.[4] (*Id.* at 2.) Presumably, these are the claims Plaintiff discovered only after filing his Amended Complaint with the Court. Accordingly, the Court finds good cause to permit Plaintiff to amend his Amended Complaint to include the factual allegations related to an infection in his leg because he was unaware of them at the time the Amended Complaint was filed.

Plaintiff also requests additional amendments relating to damages. Throughout his Motion to Amend Pleading, he requests punitive damages at various points. Plaintiff, however, has already pleaded punitive damages in his Amended Complaint, and thus further amendment to include such damages now is unnecessary.[5] Plaintiff also seeks amendment in the form of medical expenses and damages for pain and suffering. Because those allegations relate at least in part to the allowed amendment regarding an infection in Plaintiff's leg, the Court will allow further amendment to clarify that Plaintiff is seeking

---

[4] Plaintiff does not propose adding any new causes of action. The other factual allegations contained in the Motion to Amend Pleading are duplicative of allegations set forth in the existing Amended Complaint. Specifically, Plaintiff's allegations labeled as "counts" 19 and 25 relate to count 2, Plaintiff's allegation of a broken ankle; "count" 26 relates to count 3, Plaintiff's allegation of an injured knee; "counts" 20 and 21 relate to count 4, Plaintiff's allegation of tissue damage to his ankle and knee; "counts" 27–31 relate to count 5, Defendant Erickson's alleged failure to provide Plaintiff with adequate medical care; "count" 24 relates to count 6, Plaintiff's allegation he suffered a concussion; and "counts" 32–36 relate to count 9, Defendant Routhe's alleged failure to provide Plaintiff with adequate medical care. Thus, the only non-duplicative "counts" containing factual allegations are 22 and 23 (concerning an infection in Plaintiff's leg).

[5] Plaintiff pleads punitive damages in his Amended Complaint. (Am. Compl. 5–8.) Defendants answered and specifically denied that punitive damages were available for Plaintiff's claims, but Defendants did not challenge the adequacy of his pleading at that time. (Doc. No. 21, Answer 3.)

5

such damages to the extent they are available under the causes of action pleaded.[6]

The Court, however, does not find good cause for extending the amendment deadline for any of Plaintiff's other amendment proposals due to Plaintiff's failure to show diligence as required by Rule 16 (b)(4) and because they are duplicative.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend Pleading (Doc. No. 66) is **GRANTED** to the extent that Plaintiff's operative complaint now includes the Amended Complaint at Doc. No. 7, as well as the following factual allegations:

   a. Plaintiff alleges that his injuries also caused him to develop an infection in his left leg due to the injury of a fractured ankle and a chipped fractured bone to the plaintiff's knee. This also caused the Plaintiff to have two swollen lymph notes on the upper thigh of the Plaintiff's legs due to the infection.

   b. Plaintiff alleges that the infection to Plaintiff's leg caused other damages.

2. Plaintiff's prayer for relief is amended to include, "In addition to any other relief sought in his Amended Complaint, Plaintiff alleges damages for pain and suffering and medical expenses."

3. All other amendments proposed by Plaintiff are **DENIED.**

---

[6] Specifically, "counts" 37 through 43 of the Motion to Amend Pleading seek damages for pain and suffering, and "counts" 44 through 50 seek recovery of medical expenses. (*Id.* at 3–4.) Regarding the latter, Plaintiff identifies $56,762.92 in medical expenses, and appears to multiply this amount by the number of Defendants. The Court notes that allowing the amendment to clarify that Plaintiff seeks damages for medical expenses in no way endorses Plaintiff's method for calculating those alleged damages.

    4.    Plaintiff's Motion to Amend Pleading (Doc. No. 71) is **DENIED** as moot.

    5.    Any supplemental answer addressing Plaintiff's newly permitted amendments listed in ¶¶ 1–2 above is due **14 days** from date of this order.

Dated: August 13, 2020                    *s/ Becky R. Thorson*
                                               BECKY R. THORSON
                                               United States Magistrate Judge