# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fontell Demann Fuller, | Civ. No. 19-886 (PJS/BRT) |
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S MOTION OF DISCOVERY** |
| Stanley Hafoka, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Fontell Demann Fuller's Motion of Discovery. (Doc. No. 89, Mot. of Disc.) Therein, Plaintiff requests permission to file additional document requests on Defendants beyond the limit of 25 set forth in the Court's scheduling order, and also requests that the Court grant a hearing on Defendants' alleged tampering with security camera footage sought by Plaintiff and withholding of evidence. (*Id.* at 1–2.) Defendants filed a memorandum opposing these requests. (Doc. No. 94, Mem. in Resp.) For the reasons that follow, Plaintiff's motion is denied.[1]

## DISCUSSION

### A.    Additional Document Requests

Pursuant to the Court's Second Amended Scheduling Order, Plaintiff was permitted to file up to 25 document requests on Defendants. (Doc. No. 77, Sec. Am. Sched. Ord. 2.) At present, Plaintiff has served, and Defendants have answered, 56 document requests. (Doc.

---

[1]    The parties have also stipulated to extend unexpired deadlines in the scheduling order by an additional sixty days. (Doc. No. 90.) The Court shall address that issue separately in an amended scheduling order.

No. 95, Parker Aff. ¶ 3.) On July 30, 2020, Plaintiff filed the motion presently before the Court and also served an additional 16 document requests on Defendants, which they have thus far not responded to. (*Id.* ¶ 17; Ex. N.) Plaintiff's motion and the sixteen additional document requests concern: (1) Defendants' personnel files; (2) Rule 20 evaluations; (3) recorded phone calls; (4) video footage; and (5) After Action Review Documentations. (*Id.*, Ex. N at 1–3.)

When requesting an alteration to the Court's scheduling order, it is the moving party's burden to show good cause. Fed. R. Civ. P. 16(b)(4). A request to modify a pretrial scheduling order to include additional discovery calls for the movant to "make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Servs.*, 187 F.R.D. 578, 588 (D. Minn. 1999). Here, the Court finds that Plaintiff has not done so.

Plaintiff's motion asserts that he requires "more documents that [are] needed to support the merits of this 1983 claim." (Mot. of Disc. 1.) He also states that he only learned of the existence of After Action Review Documentations from an attorney recently. (*Id.*) But nowhere in his numerous filings does Plaintiff explain what the relevance of these sixteen additional document requests is to his claims, nor how they will support his specific allegations.[2] Accordingly the Court finds that Plaintiff has failed to show good cause why the

---

[2] While the Court denies Plaintiff's motion for failure to show good cause, the Court also observes that Defendants represent that they are not in possession of either the Rule 20 evaluations or the After Action Review Documentations Plaintiff is requesting. (*See* Mem. in Resp. 8–9.)

scheduling order should be amended to permit the 16 additional document requests served on Defendants on July 30, 2020.[3]

### B.   Plaintiff's Request for a Hearing

In his motion, Plaintiff also alleges that "Defendant[s] tampered with the video footage that was requested by the Plaintiff on 11-25-19." (Mot. of Disc. 2.) He further claims that Defendants did not tell the truth when they informed him that "the video camera hanging from the ceiling in unit 500D . . . does not work or does not record." (*Id.*) Plaintiff requests a hearing "[t]o address the issue of the Defendant[s] tampering with evidence and refusing to releasee and submit documents and electronically stored items." (*Id.*)

Plaintiff's request for a hearing is denied. Plaintiff has offered no evidence at all to support these serious allegations. Plaintiff does not explain how he knows that the camera in question was recording, nor why he suspects Defendants of tampering with or withholding evidence. Moreover, Defendants represent, and have previously communicated to Plaintiff in discovery responses, that the camera in question is an old, analog camera used for real-time surveillance only. (*See* Parker Aff., Ex. M at 12–14.) Defendants have also already provided Plaintiff with what video footage is available, including footage of the use-of-force incident that gave rise to Plaintiff's lawsuit. (Mem. in Resp. 5; Parker Aff., Ex. M at 13.) Based on the record before it, the Court finds that a hearing on these allegations is unnecessary at this time.

---

[3]   *See, e.g.*, *Fields v. Huot*, No. 17-CV-2662-WMW-KMM, 2019 WL 220142, at *2 (D. Minn. Jan. 16, 2019) (denying plaintiff's motion to compel production of defendants' personnel files in part because plaintiff failed to demonstrate their relevance to his 42 U.S.C. § 1983 claim).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion of Discovery (Doc. No. 89) is **DENIED**.

Dated: August 19, 2020          *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                United States Magistrate Judge