## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Fontell Demann Fuller, | Civ. No. 19-886 (PJS/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Stanley Hafoka, et al., | |
| Defendants. | |

On August 27, 2020, Plaintiff Fontell Demann Fuller filed a Memorandum (Doc. No. 104) requesting that the Court reconsider its August 19, 2020 Order (Doc. No. 98) which, among other things, denied Plaintiff's request for a hearing on his allegation that Defendants have withheld or altered video evidence. (Doc. No. 89 at 2.)

Pursuant to District of Minnesota Local Rule 7.1(j),[1] the Court will only grant permission to file a motion to reconsider "upon a showing of compelling circumstances," such as to "correct manifest errors of law or fact or to present newly discovered evidence." *Buetow v. A.L.S. Enters., Inc.*, Civ. No. 07-3970 (RHK/JJK), 2010 WL 2104641, at *1 (D. Minn. May 21, 2010) (quoting D. Minn. LR 7.1(h) and *Mumid v. Abraham Lincoln High Sch.*, Civ. No. 05-2176 (PJS/JJG), 2008 WL 2938159, at *3 (D.

---

[1] At the time of the *Buetow* decision, the applicable Local Rule was Local Rule 7.1(h). Local Rule 7.1 was later amended and reorganized whereby the substance in paragraph (h) moved to paragraph (j).

Minn. July 22, 2008)[2]). A party cannot use a motion to reconsider "as a vehicle to reargue the merits of the underlying Motion." *Id.*

After reviewing Plaintiff's submission, the Court concludes that Plaintiff is not raising any matter that was not or could not have been addressed in his briefing and argument on his Motion for Discovery and is merely seeking to relitigate issues already considered by the Court. *See Arends v. Extendicare Homes, Inc.*, Civil No. 07-995 (DSD/SRN), 2008 WL 1924172, at *1 (D. Minn. Apr. 28, 2008) ("Therefore, because defendant is merely attempting to relitigate an old issue and has not established extraordinary circumstances . . . defendant's request to file a motion to reconsider . . . is denied."). In his original motion, Plaintiff sought a hearing on his claim that Defendants were withholding and had tampered with evidence relating to a security camera in unit 500D. (Doc. No. 89 at 2.) Defendants replied that they have turned over all of the relevant video footage they possess, including footage of the use-of-force incident that gave rise to this litigation, but that the security camera in unit 500D that Plaintiff is now seeking footage from is an old piece of equipment used for real-time surveillance only. (*See* Doc. No. 95, Parker Aff., Ex. M at 12–14.) Plaintiff has not offered evidence to the contrary.

In support of his motion to reconsider, Plaintiff cites to Minnesota state statutes and Ramsey County policies to argue that the security camera in unit 500D should have been recording the use-of-force incident involving Plaintiff. But whether that camera

---

[2]     At the time of the *Mumid* decision, the paragraph in Local Rule 7.1 that addressed requests for permission to file a motion to reconsider was paragraph (g).

should have been recording is not relevant to Plaintiff's allegation that Defendants have withheld evidence or altered video footage. Therefore, the Court finds that Plaintiff has not demonstrated compelling circumstances to justify permitting him to file a motion to reconsider the Court's Order denying his request for a hearing.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Memorandum to the Court to File a Dispositive Motion For A Hearing Regarding Withholding of Evidence & Altering Video Footage & A Motion to Reconsider for Addition Documents (**Doc. No. 104**) is **DENIED**.

Date: September 4, 2020

 *s/ Becky R. Thorson*
 BECKY R. THORSON
 United States Magistrate Judge