UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FONTELL DEMANN FULLER, | Case No. 19-CV-0886 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| STANLEY HAFOKA; DEVIN SULLIVAN; ROB ERICKSON; AHMED DUALEH; JANET SNYDER; TAYLOR KUSESKE; and STEVEN ROUTHE, | |
| Defendants. | |

Fontell Demann Fuller, pro se.

Kimberly R. Parker and Robert B. Roche, RAMSEY COUNTY ATTORNEY'S OFFICE, for defendants.

Plaintiff Fontell Fuller brought this action against various correctional officers and other employees of the Ramsey County Adult Detention Center, asserting numerous claims under 42 U.S.C. § 1983 and Minnesota state law.  The Court recently issued an order on the parties' cross-motions for summary judgment that dismissed all of Fuller's claims except for his claim of excessive force against defendant Stanley Hafoka.  Hafoka has now filed a notice of appeal from the Court's order.

Generally speaking, a court of appeals has jurisdiction only over a district court's "final decisions."  28 U.S.C. § 1291; *SD Voice v. Noem*, 987 F.3d 1186, 1191 (8th Cir. 2021).  This means that, ordinarily, neither side can appeal until the district court is completely

finished with the case and there is nothing left for the district court to do. *SD Voice*, 987 F.3d at 1191. Here, the Court is plainly *not* finished with this case, as Fuller's excessive-force claim against Hafoka is scheduled to go to trial.

There is an exception to this rule for cases involving the issue of qualified immunity, however. Qualified immunity does more than simply protect a defendant from having to pay damages. It is an immunity from suit that protects a defendant from having to stand trial. *Watson v. Boyd*, 2 F.4th 1106, 1110 (8th Cir. 2021) (qualified immunity "is effectively lost if a case is erroneously permitted to go to trial" (citation and quotation marks omitted)). For that reason, a defendant who has been denied qualified immunity is allowed to appeal that denial immediately, even though the case is still pending in the district court (and the plaintiff would not be permitted to appeal). *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) ("[A]n order denying qualified immunity is immediately appealable even though it is interlocutory; otherwise, it would be effectively unreviewable." (citation and quotation marks omitted)).[1]

"Once a notice of appeal has been filed in a case in which there has been denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand." *Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991). The

---

[1] An "interlocutory appeal" is "[a]n appeal that occurs before the trial court's final ruling on the entire case." *Appeal*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Court will therefore vacate the trial notices and stay this case until Hafoka's appeal is resolved.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The trial notice and final pretrial order [ECF No. 177] and amended trial notice and final pretrial order [ECF No. 178] are VACATED.

2. This case is STAYED until further order of the Court.

Dated: August 19, 2021

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge