UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FONTELL DEMANN FULLER,                    Case No. 19-CV-0886 (PJS/BRT)

            Plaintiff,

v.                                                                              ORDER

STANLEY HAFOKA; DEVIN
SULLIVAN; ROB ERICKSON; AHMED
DUALEH; JANET SNYDER; TAYLOR
KUSESKE; and STEVEN ROUTHE,

            Defendants.

---

    Athul K. Acharya, PUBLIC ACCOUNTABILITY; Zane A. Umsted,
    MADIA NEWVILLE LLC, for plaintiff.

    Robert B. Roche and Kimberly R. Parker, RAMSEY COUNTY
    ATTORNEY'S OFFICE, for defendants.

    Plaintiff Fontell Fuller brought this action against various correctional officers

employed by the Ramsey County Adult Detention Center ("ADC"), asserting numerous

claims under 42 U.S.C. § 1983 and Minnesota law.  Following discovery, both parties

moved for summary judgment.  The Court denied Fuller's motion in full and granted

defendants' motion in part, dismissing all of Fuller's claims except for his claim that

defendant Stanley Hafoka used excessive force in taking Fuller to the ground.  Hafoka

appealed the denial of qualified immunity, ECF No. 180, and the Court stayed this

action pending the outcome of that appeal, ECF No. 182.

This matter is before the Court on Fuller's motion for entry of judgment pursuant to Fed. R. Civ. P. 54(b).[1]  Under Rule 54(b), a court may direct entry of final judgment as to fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay."  In considering whether there is "no just reason for delay," a court "must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals."  *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016) (citation and quotation marks omitted).[2]  Judgment should be entered "only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *Id.* (citation and quotation marks omitted).  Among the factors that courts consider are the following:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the

[1]Shortly after Hafoka filed a notice of appeal, Fuller also filed a notice of appeal. ECF No. 184.  Fuller was representing himself at the time.  The Eighth Circuit dismissed Fuller's appeal for lack of jurisdiction.  ECF No. 190.  Fuller then retained counsel, and counsel filed the pending motion.

[2]A court must also determine that it has made a final disposition of the claim for which entry of judgment is sought.  *Dowling*, 810 F.3d at 585.  There is no dispute that this requirement is met.

> judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 586 (citation and quotation marks omitted).

As described more fully in the Court's summary-judgment order, the remaining claim of excessive force against Hafoka concerns Hafoka's takedown of Fuller during an altercation that occurred on April 14, 2017. After the takedown, Hafoka restrained Fuller in a chokehold while the two other officers assisted in handcuffing him. In addition to his claim against Hafoka for the takedown, Fuller sued Hafoka for placing him in the chokehold while on the floor and sued the two other officers both for failing to intervene in the takedown and for failing to intervene during the chokehold on the floor. Fuller also alleged that defendants conspired to deprive him of his constitutional rights.

Fuller thus has at least five groups of claims relating to this incident: (1) an excessive-force claim against Hafoka for the takedown; (2) failure-to-intervene claims against the other officers relating to the takedown; (3) an excessive-force claim against Hafoka for the post-takedown chokehold; (4) failure-to-intervene claims against the other officers relating to the post-takedown chokehold; and (5) conspiracy claims relating to this incident. Fuller also brought numerous other claims, including claims of deliberate indifference to medical needs and failure to train and supervise. As noted,

-3-

the Court granted summary judgment to defendants as to all of Fuller's claims save (1);

Fuller now seeks entry of judgment as to the Court's dismissal of (2), (3), and (4).[3]

Ordinarily, when adjudicated and unadjudicated claims are related, a court

should *not* enter judgment under Rule 54(b), because related claims should be resolved

together.  *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1119 (8th Cir. 2011)

("This court disfavors Rule 54(b) appeals where as here the adjudicated and pending

claims are closely related and stem from essentially the same factual allegations."

(cleaned up)).  Here, however, the claim against Hafoka for the takedown is already the

subject of an appeal.  For that reason, Fuller argues, this factor weighs in favor of entry

of judgment as to other claims that are factually and legally related to that claim.

Fuller's argument has surface appeal.  But having carefully considered the issue,

the Court believes that entry of judgment is unlikely to streamline this case either in this

Court or on appeal and could in fact create complications that would be difficult to

untangle.

––––––––––––––––––

[3]Fuller states that he is seeking judgment as to two claims—namely, the claim
against Hafoka for his post-takedown chokehold and the claim against the other officers
for failing to intervene.  So far as the Court can tell, Fuller seeks to appeal both the other
officers' failure to intervene in the takedown and their failure to intervene in the post-
takedown chokehold.  *See* ECF No. 194 (citing the section of the summary-judgment
order discussing both claims).  If the Court's understanding is mistaken and Fuller is
not seeking to appeal the failure to intervene in the takedown, that would also counsel
against granting his motion, as that claim is most factually intertwined with the claim
on appeal.

To begin with, granting Fuller's motion is unlikely to avoid a second appeal in this case because Fuller has other claims as to which he is not seeking entry of judgment. While the Court appreciates that Fuller acted reasonably in narrowing his request to those dismissed claims that most closely relate to the claim on appeal, the fact remains that Fuller has not relinquished his other claims. Moreover, among those other claims, the conspiracy claim—which even Fuller seems to realize is not appropriate for immediate appeal (as the claim is not encompassed by his Rule 54(b) motion)—is also closely related to the claim on appeal.

Setting that aside, while the claims as to which Fuller seeks entry of judgment all arose out of the same brief incident that gave rise to the claim on appeal, the Court disposed of each of them on disparate factual and legal grounds. In particular, the Court held that the record established, as an undisputed factual matter, that the other officers did not have sufficient time to intervene in the takedown. As to claims relating to the officers' post-takedown conduct, however, the Court found that, as a legal matter, neither Hafoka nor the other officers violated a clearly established right of Fuller's. Given the differing grounds on which the Court granted defendants' motion, entering judgment on these claims now would markedly expand the scope of what is otherwise a relatively narrow and straightforward appeal.

Adding to the complexity is the fact that an appeal from the denial of qualified immunity is not plenary.  Instead, in such appeals, the appellate court "lack[s] jurisdiction to consider an argument that the plaintiff has proffered insufficient evidence to create a genuine issue of fact."  *Just v. City of St. Louis*, 7 F.4th 761, 766 (8th Cir. 2021).  Permitting Fuller to appeal additional claims at this point would create an unusual situation in which the appellate court could be asked to review the sufficiency of the evidence supporting summary judgment against Fuller, but could not review the sufficiency of the evidence supporting the denial of summary judgment to Hafoka.  This would both complicate the appellate court's task and could create tricky legal issues for this Court should any portion of the claims survive the appeal.  Considerations of judicial efficiency therefore weigh against granting Fuller's motion.[4]

As to the other factors, none of them are sufficient to outweigh the additional complexity that granting Fuller's motion could entail.  Furthermore, Fuller does not

---

[4]The Court agrees with defendants that *Dean v. County of Gage*, 807 F.3d 931 (8th Cir. 2015), is distinguishable.  In *Dean*, the Eighth Circuit agreed to hear an appeal of a Rule 54(b) judgment in conjunction with an appeal of the denial of qualified immunity. But the Eighth Circuit permitted the Rule 54(b) appeal, not because it was related to the qualified-immunity appeal, but because the case had already made two trips to the appellate court and gone to trial (which ultimately ended in a mistrial after the trial court ruled on the defendants' motions for judgment as a matter of law).  *See id.* at 938 ("The mistrial created the special case for an immediate appeal.  This litigation has already generated three interlocutory appeals, including this one. . . . Delaying the appeal until the close of another trial will add to this case's complexity by requiring consideration of two separate, fully developed [trial] records, and may require yet another trial if the appeal were successful.").

identify any particular way in which delaying appeal poses a danger of hardship or injustice to him.  The Court therefore denies Fuller's motion for entry of judgment under Rule 54(b).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for entry of judgment under Fed. R. Civ. P. 54(b) [ECF No. 194] is DENIED.

Dated: September 20, 2021                          s/Patrick J. Schiltz_____
                                                                   Patrick J. Schiltz
                                                                   United States District Judge