UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FONTELL DEMANN FULLER, | Case No. 19-CV-0886 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| STANLEY HAFOKA, | |
| Defendant. | |

Fontell Demann Fuller, pro se.

Robert B. Roche, RAMSEY COUNTY ATTORNEY'S OFFICE, for defendant.

Trial in this matter is scheduled to begin on August 21, 2023, with a final pretrial conference scheduled for August 16. ECF No. 229. Plaintiff Fontell Fuller recently filed numerous motions, including a motion for default judgment and other relief [ECF No. 237], a motion to object [ECF No. 238], and a motion for spoliation and perjury [ECF No. 239]. Among other things, Fuller asks that the Court reinstate claims that it previously dismissed, reopen discovery, enter default judgment against defendants, and conduct a hearing to help him understand how to prepare for trial. Fuller has also filed five motions in limine that vaguely ask the Court to determine that his evidence is relevant and admissible.

The Court agrees with defendant Stanley Hafoka that Fuller's motions in limine are too vague to allow for a meaningful response. The Court therefore denies Fuller's

motions, but without prejudice. Fuller does not need an advance ruling that any item of evidence is admissible. Instead, Fuller may offer that evidence at trial and then, if Hafoka objects, the Court will rule on the objection. This is the manner in which the admissibility of evidence is normally determined.

As for Fuller's other motions: Motions to reconsider are not allowed without a showing of compelling circumstances and prior permission of the Court. *See* D. Minn. L.R. 7.1(j). Fuller did not seek permission, nor has he shown compelling circumstances; he simply disagrees with the Court's analysis in its summary-judgment order. After the trial is concluded—and final judgment has been entered—Fuller will have the right to appeal the dismissal of his other claims. Fuller also contends that the Eighth Circuit somehow overruled this Court's dismissal of his claim concerning Hafoka holding Fuller in a chokehold after Fuller was on the ground. Fuller is mistaken, as the Eighth Circuit did not address that claim; that court's analysis was limited to Fuller's claim against Hafoka for taking Fuller to the ground. The Court therefore denies Fuller's motions to the extent he seeks reconsideration and related relief.

With respect to Fuller's motion for spoliation and perjury: Fuller has long contended that defendants altered the video of the incident underlying this lawsuit and now claims to have "new evidence" of this contention in the form of more screenshots from the video. Suffice it to say that, having seen the screenshots, the Court does not

-2-

share Fuller's opinion.  This issue will be for the jury to determine (should Fuller decide to present his theory that the video was altered[1]).  Fuller's motion for spoliation and perjury is therefore denied and trial will proceed as scheduled on Fuller's one remaining claim: that Hafoka used excessive force in taking him to the ground.

As noted, the Court will conduct a final pretrial conference on August 16.  At that hearing, the Court will rule on any pending motions in limine and explain basic procedures, such as how many jurors the Court will seat and what the trial schedule will be.  The Court will not, however, explain to Fuller how to try his case, nor will it schedule a separate hearing for this purpose.  A judge is a neutral arbiter; a judge cannot coach any attorney or party.  Litigants (even pro se litigants) are responsible for knowing and following the rules of evidence and civil procedure.  *Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1067 (8th Cir. 2017) ("Bunch's status as a pro se litigant did not excuse her from following the local rules."); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) ("Bennett's pro se status did not entitle him to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case." (citation and quotation

---

[1]As the Court has previously noted, Fuller's determination to prove that this video has been altered is odd, as the video *supports* his version of events.  ECF No. 176 at 14.  But if Fuller wants to discredit his own best evidence, the Court will not stand in his way.

marks omitted)); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). If Fuller needs help, he can consult the District's Pro Se Civil Guidebook and other resources on the District's website. And, of course, he can always attempt to retain an attorney, which he has done successfully on at least a couple of occasions.

Finally, the Court notes that, under its Trial Notice and Final Pretrial Order, each side is limited to five motions in limine "except in extraordinary circumstances and with the prior permission of the Court." ECF No. 227 at 3. Fuller has already filed five motions in limine, and no other motion practice is contemplated or authorized by the Court's Trial Notice and Final Pretrial Order. Accordingly, any further motions that Fuller files before trial, save for reasonable requests for extensions of time, will be summarily denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for default judgment and other relief [ECF No. 237], motion to object [ECF No. 238], and motion for spoliation and perjury [ECF No. 239] are DENIED.

2. Plaintiff's motions in limine [ECF Nos. 232, 233, 234, 235, and 236] are DENIED, but without prejudice to plaintiff's right to offer evidence at trial.

Dated: June 5, 2023

    s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court