UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FONTELL DEMANN FULLER, | Case No. 19-CV-0886 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| STANLEY HAFOKA, | |
| Defendant. | |

This matter is before the Court on the motion of plaintiff Fontell Fuller to disqualify the undersigned pursuant to 28 U.S.C. § 455. The motion is denied.

Fuller argues that the undersigned's rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). But Fuller simply complains that, in some instances, the Court has ruled against him, because the Court has viewed the law or the facts differently than Fuller does. Fuller fails to mention that, in other instances, the Court has ruled against defendants, because the Court has viewed the law or the facts differently than defendants do. For example, the Court denied the motion of defendant Stanley Hafoka for summary judgment on Fuller's excessive-force claim—a ruling that Hafoka disagreed with so strongly that he immediately appealed the ruling to the Eighth Circuit. *See Fuller v. Hafoka*, No. 21-2854, 2023 WL 1487884 (8th Cir. Feb. 3, 2023) (per curiam).

None of these rulings display a "deep-seated favoritism or antagonism" toward any party. They simply reflect a judge doing what a judge is supposed to do: carefully considering the arguments of the parties, ruling on disputed matters, and explaining the reasoning for his rulings. If a party disagrees with the rulings of a trial judge, that party's remedy is not to seek the judge's recusal, but instead to appeal the judge's rulings after final judgment is entered. As the United States Supreme Court has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. *Almost invariably, they are proper grounds for appeal, not for recusal.*

*Liteky*, 510 U.S. at 555 (emphasis added) (citation omitted).

Finally, to the extent that Fuller alleges that the Court has personal knowledge relevant to this case that was obtained from an extrajudicial source, he is mistaken. Everything that the Court knows about this case has come from the docketed filings of the parties. The Court has necessarily expressed *opinions* about the facts, some not shared by Fuller (for example, the Court's opinion that defendants did not alter the video of the incident) and some not shared by Hafoka (for example, the Court's opinion that the video does not show Fuller turning around to face Hafoka). *See Fuller v. Hafoka*,

No. 19-CV-0886 (PJS/BRT), 2021 WL 3036907, at *4-6 (D. Minn. July 19, 2021).  But as the Supreme Court has also said, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

For these reasons, Fuller's motion [ECF No. 262] is DENIED.

Dated: November 29, 2023             s/Patrick J. Schiltz
                                     Patrick J. Schiltz, Chief Judge
                                     United States District Court