UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FONTELL DEMANN FULLER, | Case No. 19-CV-0886 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| STANLEY HAFOKA, | |
| Defendant. | |

This matter is scheduled for trial to begin on January 22, 2024. ECF No. 248. The United States Marshals Service has informed the Court, however, that plaintiff Fontell Fuller created a disturbance in the Clerk's Office on December 8, 2023, and, as a result, the Marshals Service has banned Fuller from entering any of the federal courthouses in the District of Minnesota until December 12, 2024. The Marshals Service also reports that, on several prior occasions, Fuller has had to be escorted from the courthouse by court-security officers because of unruly or harassing behavior. (Fuller himself earlier informed the Court that he has been barred by the Eighth Circuit from using its library, apparently because of what the Eighth Circuit perceived as unruly or harassing behavior.)

Given that Fuller has been banned from all of the federal courthouses in Minnesota, it will not be possible for the Court to conduct a trial in this matter until after December 12, 2024. To be clear: The Marshals Service is an agency of the

Executive Branch; it ultimately works under the direction and control of the President. The Marshals Service does not work under the direction or control of the federal courts. The decision of the Marshals Service to trespass Fuller from the federal courthouses in Minnesota was made independently of this Court, and this Court has no choice but to comply with the Marshals Service's order.

The Court accordingly vacates the Second Amended Trial Notice and Final Pretrial Order, cancels all pending deadlines and hearings, and stays this case until further order of the Court.  The Court will enter a Third Amended Trial Notice and Final Pretrial Order in due course.

The Court also warns Fuller that, if he violates or attempts to violate the Marshals Service's ban—or if, after the Marshals Service's ban expires, Fontell again gets himself banned by the Marshals Service—the Court may dismiss his remaining claim and enter judgment against him.

Separately, the Court has recently received yet another request from Fuller that the undersigned disqualify himself pursuant to 28 U.S.C. § 455, essentially because Fuller disagrees with some of the Court's prior rulings.  Fuller also expresses confusion concerning what claims remain to be tried in this case.  ECF Nos. 267–68.  The demand for disqualification is denied for the reasons that have already been explained to Fuller multiple times.  *See, e.g.*, ECF No. 266.  With respect to Fuller's confusion about the

claims to be tried in this case: As explained in the Court's summary-judgment order, there is one remaining claim to be tried—namely, Fuller's claim that defendant Stanley Hafoka used excessive force in taking Fuller to the ground. *See* ECF No. 176 at 59. Fuller may ask the jury to award any damages that he is legally permitted to recover on that claim and for which he has offered sufficient proof.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Second Amended Trial Notice and Final Pretrial Order [ECF No. 248] is VACATED, and all pending deadlines and hearings are CANCELED.

2. This case is STAYED pending further order of the Court. No party should file any motions during the pendency of the stay regarding the trial or the claims and defenses in this case, and any such motion filed in violation of this order will be summarily denied.

3. Plaintiff is warned that, if he violates or attempts to violate the Marshals Service's ban—or if, after the Marshals Service's ban expires, he again gets himself banned from the courthouse by the Marshals Service—the Court may dismiss his remaining claim and enter judgment against him.

4. Plaintiff's demand for disqualification [ECF Nos. 267–68] is DENIED.

Dated: December 19, 2023         s/Patrick J. Schiltz
                                 Patrick J. Schiltz, Chief Judge
                                 United States District Court